IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 11-368-KD-N |
| | ) | |
| TARGET SHIP MANAGEMENT PTE, | ) | |
| LTD., *et al.*, | ) | |
|    Defendants. | ) | |

**ORDER**

In July 2011, the M/V Gaurav Prem, a vessel managed and operated by Defendant Target Ship Management Pte, Ltd. ("Target"), set sail for the United States. The Government alleges that, during the course of the voyage, there were discharges of oily waste and plastics. The accusations related to the alleged discharges of oily waste and the alleged attempt to conceal those discharges are directed against two vessel engineers, Defendants Payongyut Vongvichuankul ("Vongvichuankul") and Pakpoom Hanprap ("Hanprap"). The accusations related to the alleged discharges of plastic and the alleged attempt to conceal those discharges are directed against Defendant Prastana Taohim ("Taohim"), the Captain of the vessel. In each instance, Target is alleged to be vicariously liable.

This matter is before the Court on the following motions related to Defendants Hanprap, Vongvichuankul and Target in its vicarious liability capacity:

**I.    Motion To Continue (Doc. 180)**

Defendants move to continue the case in the interest of justice, citing trial conflicts that were previously and diligently communicated to the Court. The Government opposes the motion (Doc. 190), but, in light of the problematic indictment, see infra, the Government's position is

1

not unlike licking a sharp knife.

Upon consideration of the motion and the grounds stated therein, the Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), "the ends of justice served by [a continuance] outweigh the best interest of the public and the defendant in a speedy trial." Specifically, the Court finds that Defendants' request for additional time is reasonable because failure to grant a continuance would unreasonably deny defendants continuity of counsel.  See § 3161(h)(7)(B)(iv). Accordingly, Defendants' motion is **CONDITIONALLY GRANTED**, contingent on the filing on or before **Wednesday, April 25, 2012**, of written waivers of each defendant's right to a speedy trial. The waivers must be signed by each defendant.

The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge to set a pretrial conference for scheduling purposes.

**II.    Motion To Dismiss (Doc. 131)**

Defendants move to dismiss Counts One, Two, Four and Six of the indictment. (Doc. 131). Specifically, Defendants argue that: 1) there was no pending proceeding to support Count One (id. at 19-21); 2) the Court has no jurisdiction as to allegations in Count One subparagraphs 2(a-b) (id. at 22-24); 3) the conduct alleged in various counts would result in double-counting which is prohibited by the Sentencing Guidelines (id. at 24-26); 4) parts of Counts One, Two, and Four are multiplicitous (id. at 26-29); and 5) Count Six is based on an unconstitutionally vague statute (id. at 30). The Court does not find merit in these contentions for reasons stated in the Government's response. (Doc. 157)

Defendants' remaining contention is that Counts One and Two are duplicitous. (Doc. 131 at 5-12). This argument merits discussion.

"A count in an indictment is duplicitous if it charges two or more separate and distinct

offenses." United States v. Seher, 562 F.3d 1344, 1360 (11th Cir. 2009) (citation and quotation marks omitted).  "[I]t is well settled that the test for determining whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense." Bins v. United States, 331 F.2d 390, 393 (11th Cir. 1964).

Count One charges as follows:

Between on or about September 21, 2011, and on or about September 26, 2011, in the Port of Mobile and within the Southern District of Alabama, the defendant,

TARGET SHIP MANAGEMENT PTE. LTD.,

by and through the acts of its agents and employees, including senior ship engineers and officers, acting within the scope of their agency and employment and at least in part for the benefit of the defendant, TARGET SHIP MANAGEMENT PTE. LTD., and the defendants,

PRASTANA TAOHIM, PAYONGYUT VONGVICHIANKU[L], and
PAKPOOM HANPRAP

did corruptly influence, obstruct and impede, and endeavor to influence, obstruct, and impede the due and proper administration of the law under a pending proceeding by the United States Coast Guard and the Department of Homeland Security.  Specifically, during the aforementioned period of time, and during a U.S. Coast Guard inspection of the *M/V Gaurav Prem* to determine the vessel's compliance with MARPOL and United States law the defendants:

a. Presented, and caused to be presented, to the U.S. Coast Guard a false, fictitious and misleading Oil Record Book for the M/V *Gaurav Prem* that concealed and failed to fully and accurately record discharges overboard, and disposal otherwise, of oily mixtures, slops from bilges, and bilge waste that accumulated in the machinery spaces, and that were made without the use of the ship's pollution prevention equipment;

b. Used and made available a false, fictitious, and misleading Garbage Record Book for the *M/V Gaurav Prem* that did not fully and accurately record and otherwise concealed overboard discharges of plastic;

c. Directed three subordinate crewmembers to falsely tell the U.S. Coast Guard that a bypass system that had been used to make overboard

3

    discharges of oily mixtures, slops from bilges, and bilge waste, was only used in emergencies; and

  d. Presented to the U.S. Coast Guard engine room equipment that had been altered to conceal the use of a bypass system to discharge overboard, oily mixtures, slops from bilges and bilge waste, to wit: a "spool pipe" that connected the bilge and ballast piping to effectuate the bypass system was removed and hidden in the machine shop storage locker.

  All in violation of Title 18, United States Code, Sections 1505 and 2.

(Doc. 31 at 7-8, ¶ 2).

  Count one alleges more than one offense and is thus duplicitous.  Although there may have been only one "pending proceeding," the indictment alleges four distinct actions that would individually support a charge of obstruction: a) Presentment (by Hanprap and Vongvichiankul) of a false Oil Record Book to the U.S. Coast Guard; b) Use (by Taohim) of a false Garbage Record Book; c) Direction (by Vongvichiankul) to crewmembers to give false information to the U.S. Coast Guard; and d) Presentment (by Hanprap and Vongvichiankul) of altered equipment to the U.S. Coast Guard.  Obviously, there are distinct facts that must be proven to support each act.  See Bins, 331 F.2d at 393 ("Nor is it of any consequence that all of the documents referred to in each count are part of a single transaction.  The documents were executed on different dates.  Whether a continuous transaction results in the commission of but a single offense or separate offenses . . . is determined by whether separate and distinct prohibited acts, made punishable by law, have been committed.").

  Moreover, the Government's contention that Count One merely charges in the conjunctive and that jury unanimity would not be required as to which act was committed to support a conviction on obstruction, if understood correctly, is nonsensical.  According to the Bill of Particulars (Doc. 85 at 3-11), there are different defendants responsible for different actions.  Taking the Government's argument to its illogical conclusion, Taohim and Hanprap

could be found guilty even if the jury only found the necessary proof as to the act committed by

Vongvichiankul as delineated in subparagraph 2c of Count One.[1]

Count Two charges as follows:

Between on or about July 29, 2011, and on or about September 21, 2011, in the Port of Mobile, Alabama, and within the Southern District of Alabama, and elsewhere. the defendant,

TARGET SHIP MANAGEMENT PTE. LTD.,

by and through the acts of its agents and employees, including senior ship engineers, acting within the scope of their agency and employment and at least in part for the benefit of the defendant, TARGET SHIP MANAGEMENT PTE. LTD., and the defendant,

PAYONGYUT VONGVICHIANKU[L]

with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such a matter, namely, a Port State Control vessel examination and inspection to determine

---

[1] Furthermore, the Government's reliance on Schad v. Arizona, 501 U.S. 624 (1991) is misplaced.  In Schad, only one offense was at issue (i.e., murder in the first degree); only one person was murdered and only one crime was charged.  Under Arizona law, there are several acts that constitute murder in the first degree, including premeditated murder or murder in the course of a robbery.  Id. at 628 & n.1.  The State charged in the alternative, and the Court determined that jury unanimity as to "means of commission" was not required.

The means of commission at issue in Schad were statutory alternatives to the same offense. That is not the issue in this case; the issue in this case is whether Count One contains allegations of separate offenses.  See United States v. Holley, 942 F.2d 916, 927 (5th Cir. 1993)("In Schad, there was a single killing of one individual, and Justice Souter, stressing that under Arizona law first degree murder was 'a single crime,' concluded that there was no more need for jury unanimity as to alternative mental states, each satisfying the *mens rea* element of the offense, than there was for the jurors to all agree on the precise means employed to cause death. *This differs, however, from the situation where a single count, as submitted to the jury embraces two or more separate offenses, though each be a violation of the same statute*." (internal citation omitted) (emphasis added)); see also United States v. Range, 94 F.3d 614, 618-19 (11th Cir. 1996) (explaining that the plurality opinion in Schad "noted that due process does not require that a jury unanimously agree on one of several *alternative statutory means* of committing the charged offense" (emphasis added)).  In 18 U.S.C. § 1505, the statutory alternative means for obstructing a pending proceeding are by: 1) corruption; 2) threats; 3) force; or 4) threatening communications.  In this case, the only statutory mean charged is corruption.

compliance with MARPOL and United States law, did knowingly alter, conceal, cover up, falsify, and make a false entry in a record, document and tangible object. Specifically, during the aforementioned period of time, the defendants:

a. Created and used a false, fictitious and misleading Oil Record Book for the M/V *Gaurav Prem* that concealed and covered up overboard discharges, and disposal otherwise, of oily mixtures, slops from bilges, and bilge waste that accumulated in machinery spaces, and that were made without the use of the ship's pollution prevention equipment;

b. Directed lower level crew rnembers to conceal the smooth sounding log that recorded the daily levels of the waste oil in the ship's waste oil tanks prior to arriving in Mobile; and

c. Directed an Oiler to make an entry to the smooth sounding log to cover up and conceal a discharge from the bilge holding tank that occurred at the anchorage outside of Mobile with the use of the Oily Water Separator that was not recorded in the Oil Record Book.

All in violation of Title 18, United States Code, Sections 1519 and 2.

(Doc. 31 at 8-9, ¶ 2).

Count Two is also duplicitous. While it relates to only Vongvichiankul, it charges three separate and distinct offenses requiring proof of dissimilar facts.

Accordingly, because Counts One and Two are duplicitous, they cannot be submitted to the jury as currently composed. The Government must either cure the duplicity by June 1, 2012, or file a pretrial election by June 1, 2012. Failure to do either will result in dismissal of Counts One and Two.

**DONE** and **ORDERED** this the **20th** day of **April 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**