IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA      :

vs.                           :       CRIMINAL NO. 11-00368-KD

TARGET SHIP MANAGEMENT PTE,   :
LTD.

### ORDER

This cause is before the Court on the motion of the United States for designation of records custodian for Target Ship Management PTE, Ltd. (Doc. 183) and Target's response (Doc. 187).

As styled, the motion of the United States is now **MOOT** inasmuch as, in its response, Target specifically identifies as its custodian of records Ms. Michelle Lim (Doc. 187, at 1 & n.1). To the extent, however, that the government seeks a ruling from this Court that the trial subpoena it served on Target's counsel, Michael G. Chalos, Esquire, for Target's custodian of records, the service of which Chalos informed the government he was not authorized to accept (Doc. 183, Attachment 3), is "good" and will be "enforced," such ruling/order will not be forthcoming.

Nothing in the Agreement on Security or the corporate resolution Mr. Chalos presented at Target's arraignment require this defendant's attorneys to accept a trial subpoena directed at an individual employee of the foreign corporation who is a citizen of a foreign country and resides in a foreign country. (*Compare* Doc. 183, Agreement on

1

Security, ¶ 11 ("Owner and Operator authorize Michael G. Chalos and/or Brian T. McCarthy of Chalos, O'Connor & Duffy LLP, as agent of Owner/Operator for this Agreement, to accept service of any correspondence or legal papers relating to the Alleged Violations on behalf of the Vessel, Owner and Operator at its offices at 366 Main St., Port Washington, New York, 11050.") *with* Doc. 77, at 1 n. 1 ("A portion of the resolution of the Board of Directors of Target Ship Management PTE. Ltd., that was presented to the Court during the arraignment, reads as follows: IT WAS RESOLVED: THAT Michael G. Chalos, Esq., of Chalos O'Connor LLP, . . . and any duly licensed attorney employed by Chalos O'Connor LLP and/or Hand Arendall LLC, are hereby authorized, empowered and directed to represent the Corporation and to execute any and all documents and instruments, and to take any and all actions to do any and all other things necessary or incidental before the United States District Court for the District of Columbia (sic), in the case entitled United States of America[] v. Target Ship Management PTE. Ltd. . . . Criminal Action No. 1:11-00368-KD[.]").) In other words, while Chalos must accept legal papers regarding the alleged violations on behalf of the operator, nothing provides that he must accept legal papers related to the alleged violations on behalf of individual employees of the operator. Certainly, the government has not cited this Court to any precedent suggesting that the defendant foreign corporation can be required to produce its custodian of records in court under a trial subpoena served on its attorney, as opposed to a trial subpoena properly served upon the custodian of records.

The foregoing conclusion is not hard to come by and makes perfect sense since there is a proper procedure in criminal cases for the admission of foreign business records, as alluded to by defendant Target in its response (*see* Doc. 187, at 3 ("Target takes this opportunity to renew its previous offer to the government to have Ms. Lim execute a Declaration that would certify that she, as the Custodian of Records for Target, conducted and supervised a thorough and complete search for the records that were responsive to Grand Jury subpoena *duces tecum*, dated October 13, 2011, served on Target, and that the documents bearing bates labels G.P. 000001 through G.P. 0030288, reflect the totality of all records from Target that are responsive to this subpoena *duces tecum*. Counsel for Target is also willing to meet with the government, after it identifies the documents it wishes to introduce as exhibits at trial which were produced by Target in response to the Grand Jury Subpoena *duces tecum*, to discuss stipulating to the admission of these documents as exhibits at trial."). As recognized by the Eleventh Circuit, 18 U.S.C. § 3505[1] "allows the admission of foreign records of regularly

---

[1]   Section 3505 reads, in part, as follows:

   In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests that—

   (A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

   (B) such record was kept in the course of a regularly conducted business activity;

(Continued)

conducted activity if supported by an affidavit meeting specifically delineated standards." *United States v. Ross,* 33 F.3d 1507, 1515 (1994) (footnote omitted), *cert. denied,* 515 U.S. 1132, 115 S.Ct. 2558, 132 L.Ed.2d 812 (1995). Section 3505 was part of the Comprehensive Crime Control Act of 1984 and through its provisions Congress sought to create "'a simple, inexpensive substitute for the cumbersome and expensive procedures' formerly required for the admission of foreign records of regularly

---

      (C)  the business activity made such a record as a regular practice; and

      (D)  if such record is not the original, such record is a duplicate of the original;

unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

    (2)   A foreign certification under this section shall authenticate such record or duplicate.

. . .

    (c)   As used in this section, the term—

    (1)   "foreign record of regularly conducted activity" means a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, maintained in a foreign country;

    (2)   "foreign certification" means a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another qualified person that, if falsely made, would subject the maker to criminal penalty under the laws of that country; and

    (3)   "business" includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

18 U.S.C. § 3505 (a)(1)-(2) & (c).

conducted activity." *Id.* (citation omitted). Moreover, "[b]ecause the foreign records were created in foreign states *where a United States district court's subpoena powers do not extend*, *see* FED.R.CRIM.P. 17(e)(2),[2] the statute establishes that the records' trustworthiness can be shown by an affidavit containing conditions analogous to those set out in Rule 803(6)." *Id.* (emphasis supplied; footnote added).

In its motion, the government cites to Rule 803(6) as requiring a custodian of records or other qualified witness to authenticate documents (*see* Doc. 183, at 3); however, as set forth above since this Court's subpoena powers do not extend to foreign nationals in foreign countries, and the government appears to show no interest in trying to subpoena Target's custodian of records in the manner prescribed by the laws of the Republic of Singapore, the United States need consult 18 U.S.C. § 3505 as an alternative

---

[2] "If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service." Fed.R.Crim.P. 17(e)(2); *compare id. with* Fed.R.Crim.P. 17(e)(1) ("A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States."). Section 1783(a), in turn, provides only that "[a] court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of *a national or resident of the United States who is in a foreign country*, *or requiring the production of a specified document or other thing by him*, if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice, and, in other than a criminal action or proceeding, if the court finds, in addition, that it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner." *Id.* (emphasis supplied). Thus, as recognized in *Ross,* district courts have "no subpoena power over a foreign national in a foreign country." *United States v. Theresius Filippi*, 918 F.2d 244, 246 n.2 (1st Cir. 1990). This well-recognized principle would be turned on its head if the undersigned was to rule in the manner the government desires.

way of facilitating the introduction of corporate records at the trial of this cause.

**DONE** and **ORDERED** this the 23rd day of April, 2012.

                                  s/WILLIAM E. CASSADY
                              **UNITED STATES MAGISTRATE JUDGE**